[Civ. No. 15880.   First Dist., Div. Two.   June 21, 1954.]

CAPTAIN TED TERLAU, Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

George V. Curtis for Appellant.

Dion R. Holm, City Attorney, and Bernard J. Ward, Deputy City Attorney, for Respondents.

NOURSE, P. J.—This is an appeal from an adverse judgment denying a writ of mandate following a review of the proceedings before the San Francisco Police Commission in which petitioner and appellant was fined for dereliction of duty.

The appellant, a captain in the San Francisco Police Department, was charged with the violation of section 141 of the rules of the department which read: "Section 141 of Rules and Regulations: Shall be responsible, so far as in his power, for the preservation of the peace in his district, the prevention of and detection of crime and the enforcement of all criminal laws and penal ordinances."

The evidence heard before the police commission, and found to be true, and then heard before the superior court, and found to be true, is that appellant was captain of the Richmond Police Station with some 200 officers and patrolmen under his command, that he was informed by a "special duty" man that there were rumors of gambling and indecent shows in his district which were attended by juveniles; that he merely instructed his informant to keep his eyes open. (It appears that this officer did as he was instructed, but that, since he worked only in the daytime he saw nothing of the evils occurring at night.)

Because of numerous complaints from residents of the district, an investigator was assigned by the attorney general of the state; raids were made on two places within the district and arrests were made for gambling, indecent shows, and the sale of liquor to minors. This was all done without the cooperation of the captain of the district and without the assistance of the police under his command.

In his own defense the appellant testified that he did not alert any of his command concerning the report that gambling and other illegal acts were occurring in his district; that he always waited until someone notified him that illegal acts were being committed, and that, unless he personally knew that such acts were being committed, he took no affirmative action. The rule which he was charged with having violated made him responsible for "the prevention of and detection of crime" within his district. Manifestly when the captain

is informed that crimes are being committed within his district and makes no effort to alert any of his command, and makes no effort to conduct an investigation of the charges he has failed to perform his duty as captain within the purview of rule 141.

It would serve no purpose to review or analyze the cases cited by appellant relating to similar proceedings. Each case rests on its own facts. The only issue here is the sufficiency of the evidence to support the finding that appellant failed in his duty. He is not entitled to a new trial of the facts in this court. Our review of the record satisfies us that appellant was fairly tried and that the evidence fully supports the judgment.

A motion to dismiss the appeal was made by the city attorney on the ground that since the appellant had paid the fine levied by the police commission his appeal is now moot.

We prefer to treat the matters on the merits and the motion is therefore denied.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 21, 1954.